UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN DZIMBO,

Plaintiff,

v.

ALFREDO CASTELLANOS AND STACY SINNER,

Defendants.

Civil No.00-2373 (DSD/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff John Dzimbo's pro se complaint, filed pursuant to 42 U.S.C. § 1983, which alleges that Defendants violated his Eighth and Fourteenth Amendment rights [Docket No. 1]. Plaintiff seeks declaratory and monetary relief for the alleged constitutional violations. Id.

On June 29, 2001, Defendants filed a motion for summary judgment and a supporting memorandum with accompanying affidavits. [Docket Nos. 8-11]. On July 26, 2001, counsel for the Defendants notified the Court that Plaintiff has been deported to his native country, Zimbabwe. Plaintiff's deportation prevented the Defendants from perfecting service of process of their summary judgment motion on the Plaintiff. The Court has since contacted the office of the Immigration and Naturalization Service in Bloomington, Minnesota and confirmed that John Dzimbo, Alien Number A78117338, was deported to Zimbabwe on April 24, 2001.

This Court has jurisdiction pursuant to 28 U.S.C. § 1343 and these proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, pursuant to Rule 41(b), the Court recommends that Plaintiff's Complaint be dismissed without prejudice.

FILED 10-15-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

**Legal Analysis**

Federal Rule of Civil Procedure 5(a) requires that "every written motion other than one which may be heard ex parte ... shall be served upon each of the parties." Federal Rule of Civil Procedure 5(b) instructs that "service ... upon a party shall be made by delivering a copy to the ... party or by mailing it to the ... party at the ... party's last known address." Initially, Plaintiff was in the custody of Olmsted County Adult Detention Center; subsequently he was detained by the Immigration and Naturalization Service in Bloomington. He notified the Court of his change of address [Docket No. 6]. The Defendants attempted service upon the Plaintiff at his last known address.

The Defendants have met the requirements of rule 5(b). Service is complete upon mailing, and non-receipt has no effect on the validity of the service. See Wright & Miller, Federal Practice and Procedure: Civil 2d § 1148. Furthermore, all parties have an obligation to keep the Court advised of a current address for the service of papers, either to counsel or the party directly. Freed v. Plastic Packaging Materials, Inc., 66 F.R.D. 550, 552 (E.D.Penn.1975). Plaintiff has failed to do this. While he notified the Court of his change of address to Bloomington, he has not contacted the Court since his deportation to Zimbabwe in April. One who does not keep the Court advised of his current address should not thereby be able to foreclose an opposing party from taking full advantage of the procedures which our Rules allow. Id. Accordingly, although it is almost certain that the Plaintiff received no actual notice of Defendants' motion, the Court could decide the motion on its merits.

However, another option is available. Pursuant to Federal Rule of Civil Procedure 41(b), this Court has the power to dismiss a case *sua sponte* for failure to prosecute. Sterling v. United States, 985 F.2d 411, 412 (8th Cir.1993) (citing Link v. Wabash R.R., 370 U.S. 626, 630-633 (1962)).

However, a dismissal with prejudice is a "drastic and extremely harsh sanction." Id. (citing Clayton v. White Hall School Dist., 778 F.2d 457, 460 (8th Cir.1985)). "Cases should be dismissed with prejudice only where the plaintiff has intentionally delayed the action ... or where the plaintiff has consistently and wilfully failed to prosecute his claim." Id. (citations omitted). Because Plaintiff was deported, the Court presumes that Plaintiff has not intentionally delayed the action or willfully failed to prosecute his claim. Under the circumstances, a dismissal with prejudice would be a drastic sanction.

Just as it would be a harsh sanction to dismiss Plaintiff's Complaint with prejudice, it would be equally harsh to grant Defendants' summary judgment motion when it is fairly clear that the Plaintiff has had no meaningful opportunity to respond.

**ACCORDINGLY, IT IS HEREBY RECOMMENDED**:

1. That, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE [Docket No. 1]; and
2. That the Court find that Defendants' Motion for Summary Judgment has been rendered MOOT, precluding judicial determination [Docket No. 8].

Dated: October 15, 2001

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.